**G.A. MODEFINE, S.A., et al., Plaintiffs,**

v.

**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, et al., Defendants.**

**No. 94 CIV 4646 (CBM).**

United States District Court, S.D. New York.

Nov. 29, 1995.

Amster, Rothstein & Ebenstein, Morton Amster, Anthony Lo Cicero, and Denise A. Lindenauer, New York City, for Plaintiffs.

No appearances for defendants Anna Piatti and Anna Piatti Cravattificio on this motion.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs have moved for a default judgment against two defendants herein, Anna Piatta Cravattificio, an Italian business entity, and Anna Piatta, an Italian national, for their failure to answer or otherwise appear in this proceeding. For the reasons stated herein, the motion for a default judgment is granted as against Anna Piatta, with the conditions set forth in the accompanying order, but denied without prejudice as against Anna Piatta Cravattificio.

## BACKGROUND

Plaintiffs, G.A. Modefine S.A., et al., manufacture men's ties and other consumer items. Defendant Anna Piatti Cravattificio (hereinafter, "APC") is alleged to be "a foreign business entity organized and existing pursuant to the laws of Italy." Second Amended Complaint (hereinafter, "Complaint") at para. 3W. Anna Piatti (hereinafter, "Piatti") is also a defendant and a "foreign individual, having an office and place of business at Anna Piatti Cravattificio." *Id.* at para. 3X.

Plaintiffs allege that these and other defendants in this action "commenced the manufacturing, importation, distribution, offering for sale, and/or sale in commerce of men's ties, and possibly other items, bearing counterfeits and/or infringements of one or more" of plaintiffs' trademarks. *Id.* at para. 10.

Plaintiffs have moved for a default judgment against defendants APC and Piatti, who have failed to answer the complaint or otherwise appear in this action. Plaintiffs allege that they served these defendants with copies of the summons and complaint by international registered mail. In support of the motion for default judgment, plaintiffs offer international registered mail receipts for both APC and Piatti that purport to show mailing of these documents. Only one return

slip, acknowledging receipt by Piatti, is included in their submissions, however. Similarly, plaintiffs present documentation from the United States Postal Service confirming that these documents were delivered to Piatti. No additional evidence acknowledging receipt by a representative of APC is submitted.

In accordance with Local Rule 10(b) of this District, plaintiffs' submitted a form for the clerk's certificate for notation of the default, which the Clerk of the Court refused to sign because of doubts concerning the adequacy of the mail service used on these defendants. As set forth below, the court finds that this manner of service was sufficient to obtain personal jurisdiction over the defendants, but that proof of service has only been shown for defendant Piatti.

## ANALYSIS

Because plaintiffs served the summons and complaint in this action upon defendants APC and Piatti in Italy, such service is governed by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter, "the Hague Convention"),[1] and "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S.Ct. 2104, 2111, 100 L.Ed.2d 722 (1988). In accordance with Article 10(a) of the Hague Convention, the Convention's provisions "shall not interfere with ... the freedom to send judicial documents, by postal channels, directly to persons abroad."[2]

 Clear precedent of this Circuit holds that the Hague Convention's use of the word "send" in Article 10(a) authorizes the use of "postal channels" to effectuate service on an international litigant. *Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir.1986). Even though the use of international registered mail may be invalid under Fed.R.Civ.P.

**1.** Nov. 15, 1965, 20 U.S.T. 361. Both the United States and Italy are signatories to this international agreement.

**2.** Article 10 provides that a signatory country can object to the application of this Article, but neither the United States nor Italy have registered objections thereto.

4 to effectuate service upon a foreign party, the rule of this Circuit is clear and broad: the Hague Convention " 'supplements' " the Federal Rules thereby providing an independent manner of service. *Ackermann,* 788 F.2d at 840 (citation omitted). *But see, De James v. Magnificence Carriers, Inc.,* 654 F.2d 280, 288–90 (3rd Cir.1981) (holding that Hague Convention does not provide a method of carrying out service of process independent of federal or state rules).

■ Plaintiffs allege that they mailed a copy of the summons and complaint to both APC *and* Anna Piatti by international registered mail. Plaintiffs also submit copies of the return receipt information they received from the post office as it relates only to Piatti, but have submitted no return receipt information regarding APC. Based on the evidence before the court, plaintiffs have proved that Piatti was served but have not made a proper showing that APC was served with copies of the summons and complaint.

### CONCLUSION

Plaintiffs' request for default judgment against Piatti is granted on the condition that counsel for plaintiffs submit a new proposed clerk's certificate to the Clerk of the Court and a proposed default judgment against Piatti alone, both of which may be filed *nunc pro tunc* once properly executed. Plaintiffs' request for default judgment against Anna Piatta Cravattificio is denied without prejudice.

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion filed simultaneously herewith, plaintiffs' motion for default judgments against Anna Piatti and Anna Piatti Cravattificio is granted in part and denied in part. The motion is granted as it relates to Anna Piatti on the condition that by December 15, 1995, plaintiffs submit a new proposed clerk's certificate in accordance with Local Rule 10(b) and a new proposed default judgment as against Piatti alone, which shall be filed *nunc pro tunc* once properly executed. The motion is de-

nied without prejudice as it relates to Anna Piatti Cravattificio.

SO ORDERED.